## INDEM INS CO OF N AMER v PORTS-MOUTH ICE, COAL & MAT'L CO
## SAME v H. LEET LUMBER CO

Ohio Appeals, 4th Dist, Scioto Co
Decided December 11, 1929

MAUCK, J.

The language of the bond above quoted would, of itself, seem to impose liability upon the indemnity company for the bond follows the form prescribed by 2365-4 GC. The Supreme Court has, however, in **Indemnity Company vs. Day and Maddock Company, 114 OS. 58,** determined that it is not sufficient that the statute prescribing the form of the bond and the bond itself by its terms appear to create liability against the surety. It holds that the liability of the surety is confined to those who come within the provisions of **2365-1 GC.** and the succeeding section, and that those sections in turn are in analogy with those sections of the statutes that create a right to a mechanic's lien against private individuals. From what is said in the Day and Maddock opinion, and more especially from the authorities cited with apparent approval, the rule in this state is that recovery upon a bond of this kind for material furnished can only be had where the material either enters into and forms a part of the finished structure or at least is capable of being so used. Such is the interpretation of that opinion given in its annotation in **44 A. L. R. 382.** The many authorities collected in this note and in **46 A. L. R. 511,** and those elsewhere reported, indicates that there is a radical difference in the interpretation given bonds of this character in different states, due not wholly nor perhaps largely to a difference in the statutes of the different states. We have given these authorities extended consideration, reaching the conclusion that an analysis of them in this opinion would be useless in view of the attitude expressed by the Supreme Court in the Day and Maddock case.

The agreed statement of facts in the case of The H. Leet Lumber Company shows that the material furnished by that company to the contractor did not enter into the completed bridge and could not have done so; that after the bridge had been completed it was to be removed from the site and was still of some value to its owner. This fact under the Day and Maddock case was fatal to the claim of that company and the judgment in its behalf was consequently erroneous.

The case of The Portsmouth Ice, Coal and Building Material Company is not disposed of by the Day and Maddock case. The claim of that company was for hauling material that was actually incorporated into the completed structure. The Supreme Court of Wyoming has said that the rule as to the cost of transportation of building materials is not very clear. It points out that for obvious reasons what are known as freight charges by a common carrier of material used upon the job are not recoverable, but that haulage of material, as in the case at bar, is protected by the bond. Franzen vs. Southern Surety Company, 46 A. L. R. 496. We see no difference in principle between a laborer who wheels his barrow full of gravel from one point on the job to another and the man of larger facilities who transports that same material from the points where it is purchased to the site where the bridge is being constructed. Nor can we distinguish between the rights in this behalf of the individual laborer and the corporation that is performing the labor. **Section 2365-1** covers all cases of

"all labor performed or materials furnished in the construction, erection, alteration or repair of such building."

**Section 2365-2** provides that bonds shall protect any indebtedness that may accrue to any

"person, firm or corporation on account of any labor performed or materials furnished in the construction, erection, alteration or repair of such building."

The Portsmouth Ice, Coal and Building Material Company comes within the terms of both the sections quoted. It was consequently entitled to the benefits of the bond. The judgment in its favor was sound.

The judgment of the trial court in favor of The H. Leet Lumber Company is reversed on the ground that it is contrary to law, and the petition in that case is dismissed.

The judgment in favor of The Portsmouth Ice, Coal and Building Material Company is affirmed.

Middleton, PJ., and Blosser, J., concur.